| | |
|---|---|
| UNITED STATES DISTRICT COURT<br><br>SOUTHERN DISTRICT OF NEW YORK | 06 CV 13439 (RPP)<br>07 CV 00959, 01357, 02562, 03104, 03180 |

INDEMNITY INSURANCE CO. OF
NORTH AMERICA,

                               Plaintiff,

      - against -

C.U. TRANSPORT, INC., et al.,

                              Defendants.

And Five Related Cases

MEMORANDUM OF DEFENDANTS YANG MING MARINE TRANSPORT CORP. AND YANG MING (AMERICA) CORPORATION IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS AGAINST THEM ON GROUNDS OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION AGREEMENT

TABLE OF CONTENT

Page

1.      INTRODUCTION

2.      THE CLAIMS

3.      THE FACTS

5.      ARGUMENT

5.              1.      THE YMTC BILL OF LADING CHOICE OF FORUM PROVISION IS BOTH MANDATORY AND EXCLUSIVE.  IT APPLIES TO BOTH CONTRACT AND NON-CONTRACT THEORIES OF RECOVERY AND IS PRIMA FACIE ENFORCEABLE UNLESS THE PARTIES OPPOSING ENFORCEMENT CARRY A HEAVY BURDEN OF DEMONSTRATING WHY ENFORCEMENT SHOULD BE DENIED

8.              2.      THE CLAIMS AGAINST THE YANG MING DEFENDANTS ALL ARISE UNDER THE YMTC BILLS OF LADING.

13.             3.      YAC SHOULD BE DISMISSED FROM THE CASE BECAUSE IT ACTED AT ALL TIMES AS AGENT FOR A DISCLOSED PRINCIPAL AND NEVER HAD POSSESSION CUSTODY OR CONTROL OF THE GOODS.  ALTERNATIVELY, ALTHOUGH NOT A SIGNATORY TO THE YMTC BILL OF LADING, YAC IS ENTITLED TO THE BENEFIT OF THE BILL'S FORUM CLAUSE BOTH BECAUSE IT HAS BEEN SUED AS A CARRIER UNDER THE BILLS OF LADING.

14.     CONCLUSION

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br><br>SOUTHERN DISTRICT OF NEW YORK | 06 CV 13439 (RPP)<br>07 CV 00959, 01357, 02562, 03104, 03180 |
| INDEMNITY INSURANCE CO. OF NORTH AMERICA,<br>                              Plaintiff,<br>- against -<br>C.U. TRANSPORT, INC., et al.,<br>                              Defendants.<br><br>And Five Related Cases | MEMORANDUM OF DEFENDANTS YANG MING MARINE TRANSPORT CORP. AND YANG MING (AMERICA) CORPORATION IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS AGAINST THEM ON GROUNDS OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION AGREEMENT |

INTRODUCTION

This memorandum is submitted on behalf of defendants, YANG MING MARINE TRANSPORT CORP. ("YMTC") and YANG MING (AMERICA) CORPORATION ("YAC") (together, the "YANG MING defendants"), both of whom have been named as defendants in one or more of the related suits identified above.[1]

---

1  YMTC has been named as a defendant in each of the cases.  In 07 CV 02562, it was sued under its trade name, YANG MING LINE, and in 07 CV 03104, its corporate suffix is shown as "LTD." rather than "CORP."  YMTC has been named as a third party defendant in 06-13439, but for ease of reference, we will refer to it as just a defendant.

YAC has been named as a defendant only in Action 07 CV 00959.

1

Both defendants move to dismiss all claims against them on grounds of a contractual choice of forum agreement requiring the subject claims to have been brought only in London, England. Defendant, YAC, also moves to dismiss on grounds that it had no involvement in the matters sued on.

These related cases are each brought by their respective plaintiffs under the Court's admiralty and maritime jurisdiction to recover money damages in respect of loss or damage suffered by shipper containerized cargoes carried on board the M/V EASLINE TIANJIN during a July 2006 voyage from China to various U.S. ports. The moving YANG MING defendants have been sued as common carriers under one or more bill of lading contracts of carriage. The bills of lading issued by defendant, YMTC, contain the London forum clause.

For all but two of the claims, the YMTC forum clause has been raised as an affirmative defense in the responsive pleading. In the other two, this motion is being brought under F.R.Civ.P. 12(b) in lieu of an answer.

Defendant, YAC, acted at all times only as U.S. agent for YMTC and had no involvement in the subject shipments which were booked in China and should therefore be dismissed. Alternatively, it claims the benefit of the YMTC London forum clause.

This case is still in the pretrial stage and has not been set down for trial.

THE CLAIMS

Claims against the YANG MING defendants fall into two categories.

First are direct claims for loss or damage brought by cargo plaintiffs.

Second are claims over for indemnity or contribution brought by various transportation intermediaries who acted on behalf of the cargo shippers – those intermediaries having themselves have been sued herein for the cargo loss or damage.

A case by case breakdown of the claims against the YANG MING defendants is included in POINT 2 below.

THE FACTS

As The relevant facts are as follows:

1.) Defendant, YMTC, is a common carrier of goods in international trade. *See, YAC's Mov. Decl. of MAK, para. 2.*

2.) Defendant, YAC, is its U.S. agent which had no involvement in these matters. *Id. at paras. 2, 4.*

3.) Defendant, YAC, is not a signatory to any of the bills of lading sued on, and never had possession, custody or control of the subject cargoes. *Id. at para. 6.*

4.) Both defendants are sued as common carriers. *See, breakdown in Point 2 infra.*

5.) In each case, defendant, YMTC, issued its bill(s) of lading covering carriage of the goods. Each bill contained a mandatory and exclusive London choice of forum clause which provides in relevant part. *Id.; see also, YAC's Mov. Decl. of MAK, paras. 3 – 4 and EXHIBIT A.*

> 26. LAW AND JURISDICTION
> Except as otherwise provided specifically herein any claim
> or dispute arising under this Bill of Lading shall be

>   governed by the laws of England and determined by
>   English courts sitting in the city of London to the exclusion
>   of the jurisdiction of the courts of any other place.

*YANG MING's EXHIBIT B.*

6.)  For all but two of the claims against them, the YANG MING defendants have pleaded the London forum clause as an affirmative defense.  See:

>   06 CV 13429 - YMTC's Answer to Complaint at para. 12;
>   06 CV 13429 - YMTC's Answer to Third Party Complaint at para. 11;
>   07 CV 00959 - YANG MING Defendants's Answer to Amended Complaint at para. 12;
>   07 CV 00959 - YANG MING Defendants' Answer to K-LINE Crossclaim at para. 14;
>   07 CV 01357 - YMTC's Answer to Second Amended Complaint at para. 13;
>   07 CV 02562 - YMTC's Answer to Amended Complaint at para. 14;
>   07 CV 02562 - YMTC's Answer to TRUST FREIGHT Crossclaim at para. 7;
>   07 CV 02562 - YMTC's Answer to K-LINE Crossclaim at para. 12;
>   07 CV 03104 - YMTC's Answer to Amended Complaint at para. 17;
>   07 CV 03104 - YMTC's Answer to K-LINE Crossclaim at para. 13;
>   07 CV 03180 - YMTC's Answer to Complaint at para. 13.

The YANG MING Defendants ask the Court to take judicial notice of the foregoing electronically filed pleadings.  *F.R.E. 201(d).*

7.)  For the other two claims, this motion is being made in lieu of an answer.  Those two claims are:

>   07 CV 02562 - Third party defendant, W&L INT'L EXPRESS Crossclaim
>   07 CV 03104 -  Defendant, APL Logistics Crossclaim.

The YANG MING Defendants ask the Court to take judicial notice of the foregoing electronically filed pleadings, as well.  *F.R.E. 201(d).*

8.) Defendant, YMTC, did not own or charter the M/V EASLINE TIANJIN. It simply shared space on board that ship with other slot charterers.

ARGUMENT

POINT 1

THE YMTC BILL OF LADING CHOICE OF FORUM PROVISION IS BOTH MANDATORY AND EXCLUSIVE. IT APPLIES TO BOTH CONTRACT AND NON-CONTRACT THEORIES OF RECOVERY AND IS PRIMA FACIE ENFORCEABLE UNLESS THE PARTIES OPPOSING ENFORCEMENT CARRY A HEAVY BURDEN OF DEMONSTRATING WHY ENFORCEMENT SHOULD BE DENIED.

1. THE CHOICE OF FORUM IS MANDATORY AND EXCLUSIVE: The YMTC bill of lading choice of forum provision is mandatory. It says that actions "*shall … be determined in English courts sitting in the City of London.*" [Emphasis added.]  *See, page 3, supra.*  The word "shall" carries a meaning that is imperative and mandatory. BLACK'S LAW DICTIONARY, p. 1375 (6th ed. 1991); *Talatala v. Nippon Yusen Kaisha Corp.,* 974 F.Supp. 1321, 1325 (D.Haw. 1997); *LPR, SrL v. Challenger Overseas, LLC,* 2000 A.M.C. 2887, 2889 - 90 (S.D.N.Y.). The YMTC forum clause is also exclusive. It says that the choice of the London courts is "to the exclusion of the jurisdiction of the courts of any other place." *See, page 3, supra*.

2.. THE CLAUSE APPLIES TO THE NON-CONTRACT THEORIES OF RECOVERY: Plaintiffs cannot avoid the YMTC forum clause by pleading alternative theories sounding in tort rather than contract. *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.)

cert. den. 510 U.S. 945 (1993); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 203 (3d Cir.) cert. den. 464 U.S. 938 (1983); *Kelso Enterprises, Ltd. v. M/V Wisida Frost,* 8 F.Supp.2d 1197, 1206 - 07 (C.D.Cal. 1998)\; *Challenger,* supra, 2000 A.M.C. at 2889 – 90; *Bison Pulp & Paper Ltd. v. M/V PERGAMOS,* 1996 A.M.C. 2022, 2041 (S.D.N.Y. 1995).

3. THE CLAUSE IS PRESUMPTIVELY VALID: The YMTC bill of lading choice of forum provision is presumptively valid and may be overcome only upon a factual showing (1) of fraud or overreach, (2) that litigation in the chosen forum is so gravely inconvenient that for all practical purposes the party opposing the motion will for all practical purposes be denied its day in court, (3) that fundamental unfairness of the selected forum may deprive a plaintiff of a remedy; or (4) the clause contravenes a strong public policy of the forum state. See, e.g., *Challenger,* supra, 2000 A.M.C. at 2890. None of those factors is present here in that:

(a) None of the claims pleaded against the YANG MING defendants allege anything fraudulent as required by F.R.Civ.P. 9(b).

(b) Since the YANG MING defendanst are being sued in contract, [*see, POINT 2, infra*], they cannot argue overreach. *Kukje Hwajae Ins. Co. v. M/V HYUNDAI LIBERTY,* 408 F.3d 1250, 1254 - 55 (9th Cir. 2005) ("We have held that a cargo owner 'accepts' a bill of lading to which it is not a signatory by bringing suit on it."); *Mitsui & Co. v. MIRA M/V,* 111 F.3d 33, 36 (5th Cir. 1997) (Party that sues on bill of lading accepts its terms); *Kanematsu Corp. v. M/V Gretchen W,* 897 F.Supp. 1314, 1317 (D.Or.

1995) (same); *Nissho Iwai Corp. v. M/V Joy Sea,* 1999 WL 970335, *3 (E.D.La. 1999) (same). As Judge Scheindlin has explained:

> … [plaintiff] "cannot pick and choose among the clauses of the bills of lading, selecting those that impose duties on the vessel and impose liability while avoiding those that establish the forum where that liability is to be determined."

*F.D. Import & Export Corp. v. M/V REEFER SUN,* 248 F.Supp.2d 240, 248 – 49 (S.D.N.Y. 2002); see also, *Roby v. Corporation of Lloyd's,* 824 F.Supp. 336, 343 (S.D.N.Y. 1992) aff'd 996 F.2d 1353 (2d Cir.) cert. den. 510 U.S. 945 (1993) (Plaintiff cannot complain of agents' failure to perform duties under a contract and then ignore the contract's arbitration provision).

(c) There is no reason to consider London a gravely inconvenient or fundamentally unfair forum since London forum clauses have been enforced. See, e.g., *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17 (1972) (London forum provides a neutral forum experienced and capable in the resolution of admiralty litigation).

(d) Bill of lading choice of forum clauses, in general, contravene no strong U.S. public policy. To the contrary, their enforcement is favored. See, *Vimar Seguros y Reaseguros, S.A. v. M.V. SKY REEFER,* 515 U.S. 528 (1995).

POINT 2

THE CLAIMS AGAINST THE YANG MING DEFENDANTS ALL ARISE UNDER THE YMTC BILLS OF LADING.

The YMTC forum clause [*see, page 3, supra*] applies to "any claim or dispute arising under this Bill of Lading." The claims against the YANG MING defendants all arise under the relevant YMTC bill of lading as explained in the following breakdown of the claims against which the YANG MING defendants now move:

ACTION NO. 1
**International Marine Underwiters v. M/V EASLINE TIANJIN**
06 CV 13439 (RPP)

*Claim No. 1*

This is Rule 14(c) third party claim by defendant, KAMINO INT'L TRANSP., INC., against YMTC for indemnity or contribution based on, inter alia, on breach of contract. KAMINO is the consignee on the applicable YMTC bill of lading. *See, YANG MING's EXHIBIT A-1 and EXHIBIT C, para. SIXTH.*

*Claim No. 2*

Plaintiff's main claim (which did not name YMTC as a defendant) is for $31,444.08 for loss or damage to a containerized shipment of wool felt hats. Plaintiff's claim is cast as one against a common carrier under a contract of carriage. *See, YANG MING' EXHIBIT D.* As to YMTC, the only relevant contract is its bill of lading. *See, YANG MING's EXHIBIT A-1.*

ACTION NO. 2
**Indemnity Insurance Co, of Am. v. C.U. Transport, Inc.**
07-CV-00959 (RPP)

*Claim No. 3*

Plaintiff sues both YANG MING defendants for $50,000 for loss or damage to a containerized shipment of furniture. Plaintiff's amended complaint identifies the YMTC bills of lading in its SCHEDULE B of the amended complaint, and further alleges that:

1. The YANG MING defendants are sued as "carriers and bailees ... ." *See, K-LINE EXHIBIT A.*[2]*, paras. 3, 7.*

2. Plaintiff is the subrogee of M. Fortunoff which appears as the consignee on the YMTC bill of lading. *See, K-LINE EXHIBIT A, para. 2 and YANG MING EXHIBIT A-2 and A-3.* And,

2. The cargo sued on was carried pursuant to the YMTC bills of lading. *K LINE EXHIBIT A. at para. 5 and SCHEDULE B.*

*Claim No. 4*

Defendant, KAWASAKI KISEN KAISHA LTD.d.b.a. K-LINE, has cross claimed against the YANG MING defendants for indemnity and contribution. *K-LINE EXHIBIT G, pp. 7 – 9.* KAWASAKI alleges breach of contract as its basis for claiming over, and as to YMTC,

---

2   Reference in this memorandum to "K-LINE EXHIBITS" are to the lettered exhibits attached to the July 31, 2007 forum motion made by defendant, KAWASAKI KISEN KAISHA LTD. in these actions.

the only relevant contract is the YMTC bills of lading.  *See, YANG MING's EXHIBIT A-2 and A-3.*

ACTION NO. 3
**Reed & Barton Corporation v. Unifreight Forwarder, Inc.**
07-CV-01357 (RPP)

*Claim No. 5*

Plaintiff sues for $275,000 for loss or damage to a containerized shipment of stainless steel flatware.  Plaintiff's second amended complaint alleges that defendant, YMTC is a common carrier which agreed to transport the cargo for certain consideration.  Schedule B of the second amended complaint identifies the YMTC bill of lading.  *See, YANGMING's  EXHIBIT E at paras.  THIRD and FOURTH, and Schedule B; see also, YANG MING's EXHIBIT A-4.*

ACTION NO. 4
**American Home Assurance Co. v. M.V. EASELINE TIANJIN**
07-CV-2562 (RPP)

*Claim No. 6*

Plaintiff sues for $175,528.49 for loss or damage to a containerized shipment of vinyl flooring.  Plaintiff's amended complaint alleges that YMTC is a common carrier and agreed to transport the cargo for certain consideration.  Although this complaint does not identify or specifically refer to the YMTC bill of lading, the YMTC  bill of lading is the only contract by which YMTC acted with respect to plaintiff's cargo.  *See, K-LINE EXHIBIT B, paras. FOURTH and SIXTH;  see also, YANG MING's EXHIBIT A-5.*

*Claim No. 7, 8 and 9.*

Defendants, KAWASAKI KISEN KAISHA LTD.d.b.a. K-LINE and TRUST FREIGHT SERVICES, along with third party defendant, W&L INT;L EXPRESS, have cross claimed against YMTC for indemnity and contribution. They claim over on the basis of breach of contract, and for YMTC, the only relevant contract is the YMTC bill of lading. *See, K-LINE EXHIBIT E, pp. 7 – 9; YANG MING's EXHIBIT F at para. 19; YANG MING EXHIBIT I at para. 35 and YANG MING's EXHIBIT A-5.*


ACTION NO. 5
**The Travelers v. M/V EASELINE TIANJIN**
07-CV-3104 (RPP)

*Claims No. 10 and 11*

Plaintiffs sue for:

1. $56,049.84 for loss or damage to oak flooring; and for
2. $37,869.65 for loss or damage to caulking guns

Plaintiffs claim to be the shippers, consignees, owners or bill of lading holders for the subject cargoes. Defendants are alleged to have agreed to and received certain consideration to transport the cargoes and allegedly breached their duties and obligations as common carriers and bailees. of the goods. Schedule C of the amended complaint identifies the YMTC bills of lading as the "Master Bills." *See, K-LINE EXHIBIT C at paras. 3, 8, 9, 12 and Schedule C; see also, YANG MING's EXHIBIT A-6.*

*Claim 12*

      Defendants, KAWASAKI KISEN KAISHA LTD.d.b.a. K-LINE and APL LOGISTICS (HONG KONG) LTD., have cross claimed against YMTC for indemnity and contribution.  *See, K-LINE EXHIBIT F, pp. 7 – 9; and YANG MING's EXHIBIT G, pp. 5 – 6.*  As noted above, both claim over on the basis of breach of contract, and the only relevant contract for YMTC is the YMTC bill of lading.  *See, YANG MING EXHIBIT A-6.*


ACTION NO. 6
**Klaussner International, LLC .v. M.V. EASELINE TIANJIN**
07-CV-3180 (RPP)

*Claim No. 13*

      Plaintiff sues for $42,000 for loss or damage to a containerized shipment of furniture. Plaintiff's complaint alleges that defendant, YMTC is a common carrier which agreed to transport the cargo for certain consideration.  Schedule B of the second amended complaint identifies the YMTC bill of lading.  *See, YANG MING's EXHIBIT H, at paras. FOURTH and SIXTH and Schedule A;  see also YANG MING's EXHIBIT A-7.*

POINT 3

YAC SHOULD BE DISMISSED FROM THE CASE BECAUSE IT ACTED AT ALL TIMES AS AGENT FOR A DISCLOSED PRINCIPAL AND NEVER HAD POSSESSION CUSTODY OR CONTROL OF THE GOODS.  ALTERNATIVELY, ALTHOUGH NOT A SIGNATORY TO THE YMTC BILL OF LADING, YAC IS ENTITLED TO THE BENEFIT OF THE BILL'S FORUM CLAUSE BOTH BECAUSE IT HAS BEEN SUED AS A CARRIER UNDER THE BILLS OF LADING.

A.    YAC HAD NO INVOLVEMENT IN THE MATTER

YAC has been named as a defendant only in *Indemnity Insurance Co, of Am. v. C.U. Transport, Inc.,* 07-CV-00959 (RPP), but should be dismissed.

A party can be held liable for loss or damage to ocean cargo on two grounds:

1.)   By contract where the party undertaken to carry or care for the cargo; or

2.)   In tort, where the party has caused the loss or damage and has no defense thereto.

The contract ground is inapplicable.  YAC is not party to any of the bill of lading contracts of carriage.  *See, YAC's Mov. Decl. of MAK, paras. 2, 6; YANG MING EXHIBIT A.* Its name appears on none of them.  It is not registered as a carrier with the F.M.C. and it issued no bills of lading under its own name for the carriage of goods.

The tort ground is also inapplicable.  YAC acts as solely as U.S. agent for ocean carrier, YMTC and never had possession, custody or control of the goods.  *Id. at paras. 2, 6.*

B.   ALTERNATIVELY, YAC IS ENTITLED TO INVOKE THE FORUM CLAUSE

Although YAC is not a signatory to the YMTC bills of lading containing the forum clause, it is nevertheless entitled to their benefit.

Plaintiff's amended complaint makes it clear that YAC has been sued in contract as a carrier under the YMTC bills of lading.  The YMTC bills are identified in SCHEDULE B, and plaintiff alleges that:

1.   The YAC and others are sued as "carriers and bailees ... ."  *Pltff's Amended Complaint, paras. 3, 7.*  And,

2.   The cargo sued on was carried pursuant to the YMTC bills of lading.  *Id. at para. 5 and SCHEDULE B.*

Having sued YAC under the YMTC bills of lading, plaintiffs in 07 CV 00959 are bound by all of the terms and conditions of those bills, including the forum clause.  *Seem authorities cited in POINT 1.3(b) above.*

CONCLUSION

The motion should be granted.

Dated: New York, NY, July 31, 2007

> *Respectfully submitted,*
> CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR, LLP
> 61 Broadway, 3000, New York, NY 10006 – (212) 344-7042
> Attorneys for Defendants, YANG MING MARINE TRANSPORT CORP. and YANG MING (AMERICA) CORP., and for Third Party Defendant, YANG MING MARINE TRANSPORT CORP.
>
> By:   /s/_____Paul M. Keane_____
>              Paul M. Keane (PK-5934)

14