# EXHIBIT C

8923/PMK

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Third-Party Defendant*
YANG MING MARINE TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL MARINE UNDERWRITERS as subrogee of OUTBACK TRADING CO., <br><br>　　　　　　　　　Plaintiff, <br><br>　　- against - <br><br>M/V "EASLINE TIANJIN", her engines, boilers, etc., <br>　　and <br><br>KAMINO INTERNATIONAL TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE, <br><br>　　　　　　　　　Defendants. | 06 CV 13439 (RCC) <br><br> ECF CASE <br><br> **ANSWER TO THIRD PARTY COMPLAINT** |
| KAMINO INTERNATIONAL TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE, <br><br>　　　　　　　　　Third-Party Plaintiff <br><br>　　- against - <br><br>YANG MING MARINE TRANSPORT CORP., <br><br>　　　　　　　　　Third-Party Defendant | |

Third-party defendant, YANG MING MARINE TRANSPORT CORPORATION (hereinafter referred to as "YANG MING"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers third-party plaintiff's, KAMINO INTERNATIONAL

TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE (hereinafter referred to as "third-party plaintiff"), third-party complaint upon information and belief as follows:

1.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "FIRST" of third-party plaintiff's complaint.

2.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "SECOND" of third-party plaintiff's complaint.

3.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "THIRD" of third-party plaintiff's complaint.

4.  Admits that YANG MING is a corporation organized under the laws of a foreign sovereign, with an office located at 525 Washington Blvd., 25th Floor, Newport Office Tower, Jersey City, New Jersey 07310, and except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "FOURTH" of third-party plaintiff's complaint.

5.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "FIFTH" of third-party plaintiff's complaint.

6.  Denies all of the allegations contained in Paragraph "SIXTH" of third-party plaintiff's complaint.

7.  Denies all of the allegations contained in Paragraph "SEVENTH" of third-party plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.  The shipment in question was to be carried from a U.S. port to a foreign port pursuant to a bill of lading contract and was therefore subject to all of the provisions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. (App.) 1300 et seq.,

approved April 16, 1936, and/or the Harter Act, and that any shortage, loss and/or damage to said shipment, which third-party defendant YANG MING denies, was due to causes for which YANG MING is not liable nor responsible by virtue of all of the exceptions, exemptions and limitations of the aforementioned acts and the bill of lading contract.

9. Third-party defendant YANG MING claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statutes and the bill of lading contract to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. The shipments which are the subject of the claims against YANG MING were subject to all the terms, conditions and exceptions contained in the applicable bill of lading (number YMLUE235003940) then and there issued, therefore for which the shippers, owners, consignees or holders of said bill of lading agreed to be bound and are bound.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. This court is an improper forum by virtue of the mandatory forum selection clause in YANG MING's bill of lading that identifies England as the exclusive venue for legal action. Yang Ming's Jurisdiction Clause (26) provides in pertinent part as follows:

> "Except as otherwise provided specifically herein any claim or dispute arising under this Bill shall be governed by the law of England and determined in English courts to the exclusion of the jurisdiction of the courts of any other place…"

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Yang Ming claims the benefit of all exceptions, exemptions and limitations contained in the Kamino Ocean Line Bill of Lading (no. TJN06070328) to the full extent as they may be applicable to it.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. That due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. That plaintiff has failed to properly and fully mitigate the damages alleged in its complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. That if plaintiff's cargo suffered any loss or damage, which third-party defendant YANG MING denies, then such loss or damage resulted from a cause arising without the actual fault and privity of YANG MING and without the fault or neglect of the agents or servants of YANG MING, and YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q), and by the terms of the bill of lading.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. That if the goods in the suit were damaged and/or lost, which third-party defendant YANG MING denies, the damage and/or loss was proximately caused by insufficiency of packaging or inadequacy of marks, for which YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(n) and (o), and by the terms of the bill of lading.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. That if the plaintiff's cargo was lost and/or damaged, which third-party defendant YANG MING denies, said loss and/or damage was caused in whole or in part by the

contributory negligence of the plaintiff and/or its agents, or the third-party plaintiff and/or its agents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. That if the goods in suit were damaged and/or lost, which third-party defendant YANG MING denies, the damage and/or loss was proximately caused by an act or omission of the shipper, for which YANG MING is not liable under Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and according to the terms of the bill of lading.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. This suit is time-barred under the agreed provisions of the Bill of Lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Sec.1303(6).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. Third-party plaintiffs' claims are barred by the applicable statute of limitations and/or time-barred under the equitable doctrine of laches.

**WHEREFORE**, YANG MING MARINE TRANSPORT CORPORATION respectfully requests that the third-party complaint brought against it be dismissed, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       March 27, 2007

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006

*Attorneys for Third-Party Defendant*
YANG MING MARINE TRANSPORT CORPORATION

By:   s/ Paul M. Keane
      Paul M. Keane (PMK-5934)

- 6 -

TO:    James F. Sweeney, Esq.
NICOLETTI HORNIG CAMPISE & SWEENEY
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
Attorneys for Plaintiff
INTERNATIONAL MARINE UNDERWRITERS
as subrogee of OUTBACK TRADING CO.


James J. Ruddy, Esq.
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005
Attorneys for Third-Party Plaintiff
KAMINO INTERNATIONAL TRANSPORT, INC.
d/b/a/ KAMINO OCEAN LINE

- 7 -

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On March 27, 2007, I served a complete copy of YANG MING's answer to third-party plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered addresses and at the following addresses:

    James F. Sweeney, Esq.
    NICOLETTI HORNIG CAMPISE & SWEENEY
    Wall Street Plaza
    88 Pine Street
    New York, New York 10005-1801
    Attorneys for Plaintiff
    INTERNATIONAL MARINE UNDERWRITERS
    as subrogee of OUTBACK TRADING CO.


    James J. Ruddy, Esq.
    McDermott & Radzik, LLP
    Wall Street Plaza
    88 Pine Street, 21st Floor
    New York, New York 10005
    Attorneys for Third-Party Plaintiff
    KAMINO INTERNATIONAL TRANSPORT, INC.
    d/b/a/ KAMINO OCEAN LINE


                                                s/ Irene M. Zanetos
                                                IRENE M. ZANETOS


DATED:    March 27, 2007
                New York, New York