# EXHIBIT F

CLARK, ATCHESON & REISERT
Peter D. Clark (PC 6190)
Attorney for Defendant
7800 River Road
North Bergen, New Jersey 07047
Tel.:   (201) 537-1200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
AMERICAN HOME ASSURANCE
COMPANY a/s/o LG SOURCING, INC.
and a/s/o ENDURANCE, LLC

      Plaintiffs,

 - against -

M.V. EASLINE TIANJIN, her engines, boilers,
etc.; KAWASAKI KISEN KAISHA CO., LTD.
d/b/a "K" LINE; TRUST FREIGHT
SERVICES; and YANG MING LINES,

      Defendants.

------------------------------------------------------x

ELF CASE
07 Civ. 2562 (LAP)

**ANSWER OF TRUST FREIGHT SERVICES WITH AFFIRMATIVE DEFENSES AND CROSS CLAIM**

Defendant, TRUST FREIGHT SERVICES, INC., incorrectly named as TRUST FREIGHT SERVICES (hereafter referred to as "TRUST FREIGHT") by its attorneys Clark, Atcheson & Reisert, answers plaintiff's, AMERICAN HOME ASSURANCE COMPANY (hereafter referred to as "plaintiff") complaint with civil number 07 CV2562 upon information and belief as follows:

1. Admits the allegations contained in paragraph "FIRST" of plaintiff's complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "SECOND" of plaintiff's complaint.

3. Admits that at and during the times hereinafter mentioned, defendant TRUST FRIEGHT was and now is engaged in business as a carrier of merchandise by water for hire, but except as so admitted, denies the remaining allegations contained in paragraph "THIRD" of plaintiff's complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "FOURTH" of plaintiff's complaint.

5. Admits that on or about the date and at the point of shipment stated in Schedule B, there was shipped by the shipper therein named and delivered to defendant a sealed, shipper's load and count container said to contain men's cotton knit shirts then and there accepted said shipment delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule B and there deliver the same but, except as so admitted, denies the remaining allegations contained in paragraph "FIFTH" of plaintiff's complaint.

6. Admits that thereafter, the said vessel arrived at the port of destination, but except as so admitted, denies the remaining allegations contained in paragraph "SIXTH" of plaintiff's complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "SEVENTH" of plaintiff's complaint.

8. Denies the allegations contained in paragraph "EIGHTH" of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9. Plaintiff is not a real party-in-interest.

### SECOND AFFIRMATIVE DEFENSE

10. Plaintiff's complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

11. The said shipment was transported on the said vessel subject to the bills of lading issued therefore and tariff by which the shippers, owners, consignees

and holders of said bills of lading agreed to be and are bound and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which TRUST FREIGHT is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act and/or The Hague Rules and/or similar legislation and/or provisions of the said bills of lading and/or tariff and/or other applicable provisions of the contact of carriage or of law. Defendant TRUST FREIGHT claims the benefits of all exceptions, exemptions and limitations of the above mentioned acts and bill of lading contracts.

## FOURTH AFFIRMATIVE DEFENSE

12. The United States Carriage of Goods by Sea Act provides in §1304 thereof, among other things, as follows:

(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from –

    (c)    Perils, dangers and accidents of sea or other navigable waters;

    (d)    Act of God;

    (i)    Act or omission of the shipper or owner of the goods, his agent of representative;

(m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

(n) Insufficient of packing;

(p) Latcht defects not discoverable by due diligence; and Defendant claims the benefit of these provisions as appropriate.

(q) Any other cause arising without the actual fault or the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier, nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

## FIFTH AFFIRMATIVE DEFENSE

13. In the event that any liability is adjudged against this answering defendant, then the liability of this defendant is restricted and limited to U.S. $500 per package, or in case of goods not shipped in packages, per customary freight unit, in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1304 or some other limitation amount set forth in the governing legislation.

## SIXTH AFFIRMATIVE DEFENSE

14. That due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods were carried fit and safe for the reception, carriage and preservation of said shipment.

## SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to properly mitigate the damages alleged in its complaint.

## EIGTH AFFIRMATIVE DEFENSE

16. This action is time-barred under the terms of the bill of lading and provisions of the Carriage of Goods by Sea Act and the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

17. At all relevant times defendant TRUST FREIGHT acted as an agent for a disclosed principal.

## TENTH AFFIRMATIVE DEFENSE

18. The complaint must be dismissed pursuant to the forum selection clause incorporated in the applicable dock receipts, bill of lading, tariffs, charters, and/or contracts of freight shipment.

## AS AND FOR A CROSSCLAIM AGAINST CO-DEFENDANT YANG MING LINES

19. If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of co-defendant Yang Ming Lines and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of defendant TRUST FREIGHT contributing thereto.

20. If the plaintiff suffered any damages, which is denied, and is awarded judgment against defendant TRUST FREIGHT, then defendant will be entitled to full and complete indemnity and/or contribution as the case may be from co-defendant Yang Ming Lines for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant TRUST FREIGHT demands judgment dismissing the plaintiff's complaint, or in the alternative, demands judgment against co-defendant Yang Ming Lines for all sums which may be received by the plaintiff against defendant TRUST FREIGHT or for contribution, as the case may be, together with costs, disbursements and reasonable counsel fees and for such other or different relief as this Court may deem just and proper under the premises.

Dated:    North Bergen, New Jersey
          May 9, 2007

          CLARK, ATCHESON & REISERT

          Attorney for Defendant
          TRUST FREIGHT SERVICES

          _____
          Peter D. Clark (PC 6190)
          7800 River Road
          North Bergen, NJ 07047
          Tel: (201) 537-1200

TO:

Edward C. Radzik, Esq.
McDERMITT & RADZIK, LLP
Attorney for Plaintiff
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801

Paul M. Keane, Esq.
CICHANOWICZ, CALLAN, KEANE, VENGROW, TEXTOR, LLP
Attorneys for Co-defendant Yang Ming Lines
61 Broadway, Suite 3000
New York, New York 10006