# EXHIBIT I

REN RONG PAN ATTORNEY AT LAW
Glory China Tower
11 East Broadway, Suite 4B
New York, NY 10038
Tele: (212) 406-5533
ATTORNEY FOR W&L INTERNATIONAL EXPRESS, INC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMERICAN HOME ASSURANCE COMPANY** a/s/o LG SOURCING, INC. and a/s/o ENDURANCE, LLC<br><br>                            **Plaintiff,**<br>   -against-<br><br>**M/V EASLINE TIANJIN, her engines, boilers, etc., KAWASAKI KISEN KAISHA CO., LTD. d/b/a "K" LINE; TRUST FREIGHT SERVICES; YANG MING LINES; and PU HARMONY Pte. Ltd., as Registered Owner,**<br>                                 **Defendants.** | CIVIL ACTION<br>NO. 07 CV 2562 (RPP)<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM OF W&L INTERNATIONAL EXPRESS, INC. |
| **TRUST FREIGHT SERVICES, INC. d/b/a TRUST FREIGHT SERVICE**<br>                   **Third-Party Plaintiff,**<br>   -against-<br><br>**W&L INTERNATIONAL EXPRESS, INC.**<br>                   **Third-Party Defendant.** | |

      Third-Party Defendant W&L International Express, Inc. ("W&L"), through undersigned counsel, for answer to the Third-Party Complaint of Third-Party Plaintiff Trust Freight Services, Inc., and the Complaint as amended ("Amended Complaint") of Plaintiff American Home Assurance Company, avers and alleges upon information and belief as follows:

## AS AND FOR ANSWER TO THIRD-PARTY COMPLAINT
## OF TRUST FREIGHT SERVICES, INC.

1. W&L admits the allegations contained in Paragraph 1 of the Third-Party Complaint.

2. W&L admits the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. W&L denies the allegations contained in Paragraph 3 of the Third-Party Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

4. W&L admits the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. W&L admits the allegations contained in Paragraph 5 of the Third-Party Complaint.

6. W&L denies the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. W&L denies the allegations contained in Paragraph 7 of the Third-Party Complaint.

## AS AND FOR ANSWER TO AMENDED COMPLAINT
## OF AMERICAN HOME ASSURANCE COMPANY

8. W&L denies the allegations contained in Paragraph "FIRST" of the Amended Complaint.

9. W&L denies the allegations contained in Paragraph "SECOND" of the Amended Complaint.

10. W&L denies the allegations contained in Paragraph "THIRD" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

11. W&L denies the allegations contained in Paragraph "FOURTH" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

12. W&L denies the allegations contained in Paragraph "FIFTH" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

13. W&L denies the allegations contained in Paragraph "SIXTH" of the Amended Complaint, except to admit that a sealed, shipper's load and count cargo container said to contain men's cotton knit shirts/pants was shipped.

14. W&L denies the allegations contained in Paragraph "SEVENTH" of the Amended Complaint, except to admit that the vessel arrived at the port of destination.

15. W&L denies the allegations contained in Paragraph "EIGHTH" of the Amended Complaint for lack of information and knowledge to justify a belief in the truth therein.

16. W&L denies the allegations contained in Paragraph "NINTH" of the Amended Complaint.

17. W&L denies the allegations contained in Paragraph "TENTH" of the Amended Complaint.

## AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT
## AND AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

18. Neither the Amended Complaint nor the Third-Party Complaint states a claim, cause of action, or right of action against W&L upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19. Neither the Plaintiff nor the Third-Party Plaintiff is a real party in interest.

### THIRD AFFIRMATIVE DEFENSE

20. The Amended Complaint and Third-Party Complaint are barred by laches and/or the applicable limitation for filing suit, whether statutory or contractual.

### FOURTH AFFIRMATIVE DEFENSE

21. Requisite notice of claim was not given within the time required by law.

### FIFTH AFFIRMATIVE DEFENSE

22. This Honorable Court lacks personal jurisdiction over W&L.

### SIXTH AFFIRMATIVE DEFENSE

23. This action, or part thereof, is founded upon improper venue.

### SEVENTH AFFIRMATIVE DEFENSE

24. Service of process upon W&L is insufficient/improper.

### EIGHTH AFFIRMATIVE DEFENSE

25. The forum is inconvenient and the Amended Complaint and the Third-Party Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

### NINTH AFFIRMATIVE DEFENSE

26. At all times pertinent, W&L acted as an agent for a disclosed principal.

### TENTH AFFIRMATIVE DEFENSE

27.     The disputes embraced in the Amended Complaint and Third-Party Complaint fall within the scope of charter parties and/or contracts of carriage and/or booking notes and/or bills of lading that are referable to arbitration as provided in said charter parties and/or contracts of carriage notes and/or booking notes and/or bills of lading. This suit should, therefore, be stayed pending arbitration.

### ELEVENTH  AFFIRMATIVE DEFENSE

28.     The disputes embraced in the Amended Complaint and Third-Party Complaint fall within the scope of charter parties and/or contracts of carriage and/or booking notes and/or bills of lading that contain choice of forum provisions which require that this matter be resolved in a foreign forum.

### TWELFTH  AFFIRMATIVE DEFENSE

29.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods were carried fit and safe for the reception, carriage, and preservation of said shipment.

### THIRTEENTH  AFFIRMATIVE DEFENSE

30.     If Plaintiff or Third-Party Plaintiff sustained any damage, which is specifically denied, then the damage resulted from acts, neglects or fault in the navigation or management of the vessel; act of God; perils, dangers and accidents of the sea or other navigable waters; act or omission of the shipper or owner of the goods, his agent or representative; inherent defects, quality or vice of the goods themselves; insufficiency or inadequacy of packaging of the goods; latent defects not discoverable by due diligence; and/or other causes arising without the actual fault or neglect of the W&L, its agents or servants. W&L shows that any such damage, which is

5

specifically denied, was the consequence of one or more of the foregoing, and that under any applicable charter parties, contract of carriage, booking notes and/or bill(s) of lading and applicable law, W&L is not liable to Plaintiff or Third-Party Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

31.     If Plaintiff or Third-Party Plaintiff is entitled to any recovery, which is specifically denied, such recovery is subject to the applicable per package limitation.

### FIFTEENTH AFFIRMATIVE DEFENSE

32.     W&L specifically pleads as affirmative defenses each and every defense, exception, exoneration and/or limitation of liability found within the relevant contract of carriage and/or the United States Carriage of Goods by Sea Act/the Harter Act/the Hague Rules, as though each such defense, exception, exoneration or limitation was set forth herein in its entirety.

### SIXTEENTH AFFIRMATIVE DEFENSE

33.     W&L asserts that if the cargo referred to in the Complaint was lost or damaged, which is specifically denied, Plaintiff and Third-Party Plaintiff are placed on its full proof of the fairness and reasonableness of the steps, if any, taken by it to minimize the damage.

### FOURTEENTH  AFFIRMATIVE DEFENSE

34.     W&L's Answer and Cross-Claim are made without waiver of any defenses including jurisdictional defenses and right to arbitrate that may exist between the parties.

### CROSS-CLAIM AGAINST YANG MING LINES AND THE PU HARMONY PTE. LTD.

35.     If Plaintiff and/or Third-Party Plaintiff suffered any damages, which is specifically denied, such damages were solely caused by the acts, omissions, breach and/or

negligence of Defendants Yang Ming Lines, Pu Harmony Pte. Ltd., and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of W&L.

36.     If Plaintiff and/or Third-Party Plaintiff suffered any damages, which is specifically denied, and is awarded judgment against W&L, then W&L will be entitled to full and complete indemnity and/or contribution, as the case may be, from Yang Ming Lines and/or Pu Harmony Pte. Ltd. for all losses and damages sustained, together with costs, disbursements and attorneys' fees.

**WHEREFORE,** W&L demands judgment dismissing the Amended Complaint of American Home Assurance Company and the Third-Party Complaint of Trust Freight Services, Inc. at their costs, or in the alternative, demands judgment against Yang Ming Lines and Pu Harmony Pte. Ltd. for indemnity of all sums which may be received by Plaintiff and/or Third-Party Plaintiff against W&L or for contribution, as the case may be, together with costs, disbursements and attorneys' fees, and for such and further and other relief as this Court may deem justice and proper. W&L reserves the right to amend its Answer and Cross-Claim as further information is developed.

Dated: New York, New York
        July 19, 2007

                                        S/_____
                                        Ren Rong Pan (RP7378)
                                        REN RONG PAN ATTORNEY AT LAW
                                        Glory China Tower
                                        11 East Broadway, Suite 4B
                                        New York, NY  10038
                                        Tele: (212) 406-5522
                                        Fax: (212) 964-5030
                                        Attorneys for W&L International Express, Inc.

**CERTIFICATE OF SERVICE BY ECF AND US MAIL**

**I HEREBY CERTIFY** that I have on this 19th Day of July, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, both by ECF and by placing same in the United States Mail, properly addressed, and first class postage prepaid to the following parties:

    Edward C. Radzik, Esq.
    McDERMOTT & RADZIK, LLP
    Wall Street Plaza
    88 Pine Street, 21st Floor
    New York, New York 10005-1801
    Attorneys for American Home Assurance Company

    Paul M. Keane, Esq.
    CICHANOWEICS, CALLAN, KEANE, VENGROW & TEXTOR, LLP
    61 Broadway, Suite 3000
    New York, New York 10006
    Attorneys for Yang Ming Lines

    Peter D. Clark, Esq.
    CLARK, ATCHESON & REISERT
    7800 River Road
    North Bergen, New Jersey 07047
    Attorneys for Trust Freight Services, Inc.

    Edward A. Keane, Esq.
    MAHONEY & KEANY, LLP
    111 Broadway
    New York, New York 10006
    Attorneys for Kawaski Kisen Kaisha Co., Ltd.

    S/_____
    REN RONG PAN